Andrew C. Ficzko
Ryan F. Stephan
James B. Zouras
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
aficzko@stephanzouras.com
rstephan@stephanzouras.com
jzouras@stephanzouras.com

Daniel I. Pace
Pace Law Offices
101 E. 9th Ave., Ste 7A
Anchorage, AK 99501
(907) 222-4003
dan@pacelawoffices.com
Alaska Bar #1305008

ATTORNEYS FOR THE PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| **DEBRA BEY, individually and on behalf of all others similarly situated,** | )<br>)<br>) **Case No. 3:18-cv-00120-JWS** |
| **Plaintiff,** | )<br>) |
| v. | ) **(JURY TRIAL DEMANDED)**<br>) |
| **DYNAMIC COMPUTING SERVICES (DCS) CORP.,** | )<br>)<br>) |
| **Defendant.** | ) |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Representative Plaintiff, DEBRA BEY ("Representative Plaintiff"), individually and on behalf of all other similarly-situated employees, by and through her counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA") against Defendant Dynamic Computing Services Corp. ("DCS" or "Defendant"), its subsidiaries

1

and affiliates, and alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF ACTION

1. Representative Plaintiff contends that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§201, *et seq*. ("FLSA"), by knowingly suffering and/or permitting her and the putative Class members (hereinafter collectively referred to as "Plaintiffs") to work in excess of 40 hours per week without properly compensating them at an overtime premium rate for these overtime hours.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit 1).

3. This Court has jurisdiction over Representative Plaintiff's claims pursuant to 28 U.S.C. §1331 because Representative Plaintiff's claims arise under the FLSA and also pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs, and the parties are residents of different states.

4. Venue lies in this District pursuant to 28 U.S.C. §1391(b), because Representative Plaintiff worked for Defendant in this District and suffered the losses at issue in this District, because Defendant is alleged to have engaged in the wrongful conduct at issue in this District and because a substantial part of the events and omissions giving rise to the claims pled in this Collective Action Complaint occurred within this District.

2

**PARTIES**

5. Representative Plaintiff, Debra Bey, is a resident of Merrillville, Indian and worked for Defendant as an ATE Go-Live Support Consultant (hereinafter referred to as "ATE") at Alaska Regional Hospital in Anchorage, AK during the applicable statutory period. Throughout this period, Bey was an "employee" as defined by the FLSA, 29 U.S.C. §203(e)(1).

6. Defendant Dynamic Computing Services Corp. is a Texas corporation providing information technology educational services for the healthcare industry across the country. DCS's corporate headquarters is located in Austin, Texas. DCS employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207. DCS's annual gross volume of sales made and/or business done exceed $500,000.00.

7. At all times relevant, DCS was Representative Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d), and was actively engaged in the conduct described herein. Throughout the relevant period, DCS employed Representative Plaintiff and similarly-situated employees within the meaning of the FLSA.

**FACTS**

8. Plaintiffs are individuals who have worked for Defendant as "At the Elbow" consultants ("ATE") or other similarly-titled, hourly-paid positions during the statutory period. Amongst other things, Plaintiffs all shared similar job titles, training, job descriptions and job tasks. Importantly, Representative Plaintiff and Class members were all paid an hourly rate of pay.

9.  DCS, as a leading healthcare information technology firm, provides training and support to medical facilities in connection with the implementation and administration of integrated health computer systems, specifically, new electronic recordkeeping systems. DCS employs ATEs, such as Plaintiffs, to perform such training and support services to medical facilities throughout the country.

10. DCS's financial results are significantly driven by the total number of ATEs providing training and support services to DCS's customers and the respective fees that DCS charges its customers for these services.

11. Representative Plaintiff worked as an ATE for DCS at Alaska Regional Hospital in Anchorage, AK during the applicable statute of limitations period.

12. Plaintiffs were all compensated on an hourly basis and were paid only straight time pay for all hours they worked, including all overtime hours worked each week.

13. Despite the fact that the Representative Plaintiff and the other similarly-situated ATEs did not meet any test for exemption, DCS failed to pay them the requisite overtime rate of 1½ times their regular rate for hours worked over 40 per week.

### **Plaintiffs Routinely Worked in Excess of 40 Hours a Week Without Being Paid Overtime Premium Compensation**

14. The Representative Plaintiff and other similar-situated ATEs routinely worked in excess of forty (40) hours per week but were not paid overtime premium compensation as required by the FLSA.

15. The Representative Plaintiff and other similarly-situated ATEs were often required to work twelve (12) hours a day, seven (7) days a week. Projects, on average, lasted a few weeks at a time.

4

16. Despite the fact that the Representative Plaintiff and other similarly-situated ATEs were required, permitted, and/or encouraged to work more than forty (40) hours per week, DCS failed to pay them one and one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) per week, as required by the FLSA.

17. Rather, Representative Plaintiff and other similarly-situated ATEs were paid a straight hourly rate for all hours that they worked, regardless of whether they worked more than forty (40) hours in a week. The Representative Plaintiff and other similarly-situated ATEs were not paid on a salary basis.

18. Defendant knew, and was aware at all times, of the above-mentioned violations.

19. The conduct alleged above reduced Defendant's labor and payroll costs.

20. Plaintiffs were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay the Representative Plaintiff and other similarly-situated ATEs in accordance with the requirements of the FLSA, Plaintiffs suffered lost wages and other related damages.

**Plaintiffs Are Not Exempt Under the FLSA**

21. The Representative Plaintiff and other similarly-situated ATEs provide support and training to various healthcare staff across the country in connection with the implementation and administration of integrated health computer systems. Plaintiffs are not required to have any specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiffs were not working as, nor were they similarly skilled as, computer systems analysts, computer programmers or software engineers.

5

Case 3:18-cv-00120-JWS   Document 1   Filed 05/25/18   Page 5 of 14

22. Plaintiffs' primary duty was to provide first line troubleshooting which consisted of training and supporting various healthcare staff across the country with the implementation and administration of integrated health computer systems, specifically, new electronic recordkeeping software. This support is known as "at the elbow" because the Representative Plaintiff and other similarly-situated ATEs are "at the elbow" of the healthcare staff, providing them guidance on the new software system. Plaintiffs had little discretion in the performance of their job and worked within closely-prescribed limits provided by DCS.

23. Plaintiffs were not primarily engaged in work that was intellectual or creative and that requires the exercise of discretion and independent judgment; they are not gighly skilled and proficient in the theoretical and practical application of highly specialized information to computer systems analysis, programming, or software engineer.

24. Plaintiffs duties did not include (i) application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications; (ii) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; or (iii) the documentation, testing, creation, or modification of computer programs related to the design of software or hardware for computer operating systems.

25. Plaintiffs did not analyze, consult or determine hardware, software programs or any system functional specifications for DCS's clients.

26. Plaintiffs did not consult with DCS's clients to determine or recommend hardware specification. Plaintiffs did not design, develop, document, analyze, create, test or modify a computer system or program.

6

27. Although Plaintiffs' "work was highly dependent upon, or facilitated by, the use of computer software programs," they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs simply provided first line troubleshooting which consisted of training and supporting healthcare staff across the country "at the elbow" with the implementation and administration of integrated health computer systems.

28. Throughout the statutory period, Plaintiffs' primary duty was not related to the management of the business operations of DCS or its customers.

29. Throughout the statutory period, Plaintiffs' primary duty did not require the use of discretion and independent judgment with respect to matters of significance.

30. Throughout the statutory period, Plaintiffs' primary duty was not the performance of work requiring advanced knowledge in a field of science or learning.

31. Throughout the statutory period, Plaintiffs did not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

32. Despite the fact that the Representative Plaintiff and other similarly-situated ATEs did not meet any test for exemption, DCS failed to pay the Representative Plaintiff and other similarly-situated ATEs the requisite overtime rate of 1½ times their regular rate for all hours worked over 40 per week. Rather, DCS paid Plaintiffs their regular straight, hourly rate for time worked over 40 hours per week that they were encouraged, suffered and permitted to perform.

### Defendant Willfully Violated the FLSA

33. DCS had no legitimate basis to believe that Plaintiffs were exempt from the overtime requirements of the FLSA. Instead, DCS either knew or acted with reckless disregard of

clearly applicable FLSA provisions in failing to pay Plaintiffs overtime compensation for all hours they worked over forty (40) in a week. DCS's willful actions and/or willful failures to act, included, but were not necessarily limited to, the following:

    a. DCS maintained payroll records which reflected that Plaintiffs did, in fact, regularly work in excess of forty (40) hours per week, and therefore, DCS had actual knowledge that the Plaintiffs worked overtime;

    b. DCS knew that it did not pay Plaintiffs one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) per week;

    c. DCS's own documents, including but not necessarily limited to, job offer letters, employment agreements, and training materials for ATEs, reflect that DCS was aware of the nature of the work performed by ATEs, and, in particular, that these individuals worked exclusively at-the-elbow of healthcare workers employed by DCS's clients, providing basic training and support with the implementation and administration of integrated health computer systems;

    d. DCS's own documents, including but not necessarily limited to, job offer letters, employment agreements, and training materials for ATEs, reflect that DCS knew that it was subjected to the wage requirements of the FLSA and was an "employer" under 29 U.S.C. § 203(d).

    e. DCS was aware that its ATEs were not involved with: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis,

creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

    f. DCS lacked any good-faith basis to believe that its ATEs fell within any exemption from the overtime requirements of the FLSA; and

    g. DCS was aware that it would (and did) benefit financially by failing to pay Plaintiffs overtime premium pay for all hours worked in excess of forty (40) per week, reducing its labor and payroll costs.

34. Thus, DCS was aware that, or recklessly disregarded whether, its conduct violated the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Representative Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages and other damages related to DCS's violation of the FLSA.

36. Representative Plaintiff pursues the requested relief on behalf of the following Class:

> **All individuals who currently work, or have worked, for the Defendant and/or one of its subsidiaries or affiliates as an ATE consultant or any other similarly-titled, hourly-paid position during the applicable statute of limitations period.**

37. The Representative Plaintiff is a member of the Class she seeks to represent because she worked pursuant to DCS's previously described common business and compensation practices as described herein, and, as a result of such practices, has not been paid the full and legally

9

mandated overtime premium for hours worked over forty (40) per work week. Resolution of this action requires inquiry into common facts, including DCS's common compensation and payroll practices.

38. Specifically, even though Plaintiffs did not satisfy any test for exemption, Defendant engaged in a common scheme to avoid paying them overtime pay when they worked in excess of 40 hours per week.

39. Although Plaintiffs may have had different job titles and/or worked in different locations throughout the relevant period, this action may be properly maintained as a collective action because:

   a. Representative Plaintiff and the Class members were all paid an hourly rate of pay;

   b. Representative Plaintiff and the Class members worked in excess of 40 hours per week;

   c. Regardless of their job title or location, Defendant did not pay Representative Plaintiff and the Class members an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

   d. Defendant maintained common timekeeping, payroll systems and policies with respect to Representative Plaintiff and the Class members, regardless of their job title or location.

40. Defendant encouraged, suffered and permitted the Representative Plaintiff and the collective class to work more than forty (40) hours per week without proper overtime compensation.

41. Defendant knew that Representative Plaintiff and the collective class members performed work that required additional wages and overtime compensation to be paid.

10

Nonetheless, Defendant operated under a scheme, as described above, to deprive the Representative Plaintiff and the collective class of wages and overtime compensation.

42. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Representative Plaintiff and the collective class.

43. Defendant is liable under the FLSA for failing to properly compensate Representative Plaintiff and the collective class. Representative Plaintiff requests that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

44. Representative Plaintiff estimates that the Class, including both current and former employees over the relevant period, will include at least one hundred (100) members. The precise number of Class members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Class, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## COUNT I
## VIOLATION OF THE FLSA

45. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

46. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . "29 U.S.C. § 203(d).

47. Defendant is subject to the wage requirements of the FLSA because Defendant is an employer pursuant to 29 U.S.C. § 203(d).

11

48. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in interstate commerce and/or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

49. Representative Plaintiff and the Class members are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

50. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

51. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Representative Plaintiff and the Class members to work overtime hours per week without paying them overtime wages for these hours.

52. Throughout the relevant period, Representative Plaintiff and the Class members worked in excess of 40 hours per week but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

53. The foregoing actions of Defendant violated the FLSA.

54. Defendant's actions were willful and not in good faith.

55. Representative Plaintiff and the Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

56. Defendant is liable to the Representative Plaintiff and the Class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

57. Representative Plaintiff and the Class members are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiff, Debra Bey, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against the Defendant and in favor of the Representative Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Representative Plaintiff and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all ATE consultants or any other similarly-titled, hourly-paid position who have worked for the Defendant during the applicable statute of limitations period;

B. Authorize Representative Plaintiff's counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all ATE consultants or any other similarly-titled, hourly-paid position who have worked for the Defendant within the applicable statute of limitations period, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. Certify Count I as a collective action;

D. Appoint Stephan Zouras, LLP as counsel for the Plaintiffs;

E. Declare and find that Defendant committed one or more of the following acts;

   i. Violated provisions of the FLSA by failing to pay overtime wages to Representative Plaintiff and similarly-situated persons who opt-in to this action;

   ii. Willfully violated provisions of the FLSA.

F. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

13

G. Award liquidated damages on all compensation due accruing from the date such amounts were due;

H. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

I. Grant leave to amend to add claims under applicable state and federal laws;

J. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

K. For such further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

58. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Representative Plaintiff demands a trial by jury.

Dated: May 25, 2018

Respectfully Submitted,

*/s/ Andrew C. Ficzko*
Andrew C. Ficzko
Ryan F. Stephan
James B. Zouras
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
aficzko@stephanzouras.com
rstephan@stephanzouras.com
jzouras@stephanzouras.com

*/s/ Daniel I. Pace*
Daniel I. Pace
Pace Law Offices
101 E. 9th Ave., Ste 7A
Anchorage, AK 99501
(907) 222-4003
dan@pacelawoffices.com
AK Bar #1305008

**ATTORNEYS FOR THE PLAINTIFF**

14